# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00056-CR

**James Rodney Tindle, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 5348, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In February 2005, appellant James Rodney Tindle was placed on deferred adjudication supervision after he pleaded guilty to indecency with a child by exposure. *See* Tex. Penal Code Ann. § 21.11 (West 2003). Ten months later, the court adjudicated appellant guilty and sentenced him to six years' imprisonment. In two points of error, appellant complains that the presentence report was inadequate and that the trial court should have made an inquiry into his competence. We will overrule these contentions and affirm the conviction.

At the sentencing hearing, appellant testified that he continues to experience the effects of a brain injury he suffered in a 2000 automobile accident. Asked if the injury "has affected your memory processes and attitude," appellant replied, "Well, the brain cells died, yes, sir." Appellant also stated that his "mind has been messed up from my wreck."

Appellant's sister testified that appellant "has made some mistakes and he knows that." With respect to appellant's brain injury, she testified that appellant has "impulses that constantly go over in his brain" and suffers from short-term memory loss. "He can remember things that happened when we were a kid. But as far as remembering something that happened two or three days ago, he can't tell you." She stated that appellant needs long-term care.

The third witness at the hearing was probation officer Bryan Furman, who had also prepared a presentence report. In point of error one, appellant urges that the trial court erred by failing to require that the presentence report include a psychological evaluation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (West 2006). Although the reporter's record reflects that the presentence report was reviewed and considered by the parties and the court, the report was not introduced in evidence and does not appear in the appellate record.[1] No objection to the report was made at the hearing. Nothing is presented for review.

In point of error two, appellant complains that the trial court erred by failing to inquire whether there was evidence that would support a finding that he was incompetent to stand trial. *See id*. art. 46B.004(b), (c). Appellant argues that the court should have taken this action after hearing the testimony regarding his brain injury and the resulting short-term memory loss. Appellant does not, however, refer us to any evidence indicating that he did not have a rational and factual understanding of these proceedings or that he was unable to consult with his attorney with a reasonable degree of understanding. *See id*. art. 46B.003(a). No error is shown.

---

[1] This Court's clerk has been informed by the district clerk that the presentence report is not on file.

The points of error are overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   March 6, 2007

Do Not Publish

3